IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE WILLSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:18-cv-3-RLW |
| | ) |
| CITY OF BEL-NOR, MISSOURI, | ) |
| | ) |
| Defendant. | ) |

## CITY OF BEL-NOR, MISSOURI'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant City of Bel-Nor, Missouri, by and through counsel, and for its Answer to Plaintiff's Complaint states as follows:

### INTRODUCTION

1. **ANSWER:** Defendant admits that Plaintiff is a resident of Bel-Nor, that he wishes to display three signs in his yard and that this would violate Bel-Nor's sign ordinance whose terms were enacted in September 2017. Defendant further admits that Willson has been cited for violating the ordinance. Defendant denies the remaining allegations in Paragraph 1.

2. **ANSWER:** Denied.

### PARTIES

3. **ANSWER:** Admitted.

4. **ANSWER:** Admitted.

### JURISDICTION AND VENUE

5. **ANSWER:** The allegations of Paragraph 5 are legal conclusions rather than statements of fact and are, therefore, inappropriate. To the extent these allegations are construed to be factual allegations, admitted.

6. **ANSWER:** The allegations of Paragraph 6 are legal conclusions rather than statements of fact and are, therefore, inappropriate. To the extent these allegations are construed to be factual allegations, admitted.

1

7. ANSWER: The allegations of Paragraph 7 are legal conclusions rather than statements of fact and are, therefore, inappropriate. To the extent these allegations are construed to be factual allegations, admitted.

8. ANSWER: The allegations of Paragraph 8 are legal conclusions rather than statements of fact and are, therefore, inappropriate. To the extent these allegations are construed to be factual allegations, admitted.

## FACTS

9. ANSWER: Admitted.

10. ANSWER: Admitted

11. ANSWER: Denied. The signs in the yard have displayed varying messages over time. Defendant admits that, as of the most recent documentation, the messages are those listed.

12. ANSWER: Denied.

13. ANSWER: Admitted.

14. ANSWER: No copy of Section 400.270 with highlighted passages was attached to the Complaint and, therefore, Defendant cannot admit said paragraph. Defendant therefore denies same.

15. ANSWER: Defendant does not have sufficient knowledge to admit or deny the allegations of Paragraph 15 and, therefore, denies same.

16. ANSWER: Admitted.

17. ANSWER: Defendant admits that then Bel-Nor Mayor Christina Buchek contacted Willson and that the contents of the communication speak for themselves. To the extent Paragraph 17 is inconsistent with or contradicted by said communication, Defendant denies same.

18. ANSWER: Defendant is without sufficient knowledge to admit or deny the allegations of Paragraph 18.

19. ANSWER: Admitted.

20. ANSWER: Defendant admits that Section 400.120 was repealed and amended but denies the remaining allegations in Paragraph 20.

2

21. ANSWER: Defendant denies that the changes were "codified" as Ordinance 983. The changes were enacted as Ordinance 983.

22. ANSWER: There is no copy of the Ordinance attached and incorporated into this Complaint. Defendant states that the terms of the Ordinance speak for themselves.

## THE ORDINANCE

23. ANSWER: Defendant admits the Ordinance terms speak for themselves, and to the extent Paragraph 23 is inconsistent with or contradicted by the Ordinance, Defendant denies same.

24. ANSWER: Defendant admits the Ordinance terms speak for themselves, and to the extent Paragraph 24 is inconsistent with or contradicted by the Ordinance, Defendant denies same.

25. ANSWER: Defendant admits the Ordinance terms speak for themselves, and to the extent Paragraph 25 is inconsistent with or contradicted by the Ordinance, Defendant denies same.

26. ANSWER: Defendant admits the Ordinance terms speak for themselves, and to the extent Paragraph 26 is inconsistent with or contradicted by the Ordinance, Defendant denies same.

27. ANSWER: Defendant admits the Ordinance terms speak for themselves, and to the extent Paragraph 27 is inconsistent with or contradicted by the Ordinance, Defendant denies same.

28. ANSWER: Defendant admits the Ordinance terms speak for themselves, and to the extent Paragraph 28 is inconsistent with or contradicted by the Ordinance, Defendant denies same.

29. ANSWER: Defendant admits the Ordinance terms speak for themselves, and to the extent Paragraph 29 is inconsistent with or contradicted by the Ordinance, Defendant denies same.

## POST-ENACTMENT ENFORCEMENT ACTION

30. ANSWER: Admitted.

31. ANSWER: The Ordinance that Mr. Willson is alleged to have violated is 400.120. The terms of the information speak for themselves and to the extent this paragraph is inconsistent with or contradicted by the information, Defendant denies same.

32. **ANSWER:** Denied.

33. **ANSWER:** Denied.

34. **ANSWER:** Denied.

35. **ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations of Paragraph 35 and, therefore, denies same.

36. **ANSWER:** Admitted.

37. **ANSWER:** Admitted.

## COUNT I: FIRST AMENDMENT

*Bel-Nor § 400.120 is Unconstitutional
under the Free Speech Clause of the First Amendment*

38. **ANSWER:** Denied.

39. **ANSWER:** Denied.

40. **ANSWER:** Denied.

41. **ANSWER:** Denied.

42. **ANSWER:** Denied.

43. **ANSWER:** Denied.

44. **ANSWER:** Denied.

45. **ANSWER:** Denied.

46. **ANSWER:** Denied.

47. **ANSWER:** Denied.

48. **ANSWER:** Denied.

## COUNT II: DUE PROCESS

49. **ANSWER:** Denied.

50. **ANSWER:** Denied.

4

51.  **ANSWER:  Denied.**

52.  **ANSWER:  Denied.**

## AFFIRMATIVE DEFENSES

1. The sign ordinance of Bel-Nor is a valid exercise of Bel-Nor's powers to enforce time, place and manner restrictions without violating the First Amendment as the restriction is content-neutral, narrowly tailored to serve significant government interest and further leaves open alternative channels of communication.

Respectfully submitted,

BRINKER & DOYEN, L.L.P.

*/s/ Aaron I. Mandel*
Jeffrey J. Brinker, #30355
Aaron I. Mandel, #39692
34 N. Meramec Avenue, 5th Floor
Clayton, Missouri 63105
PHONE:   314.863.6311
FAX:        314.863.8197
jbrinker@brinkerdoyen.com
amandel@brinkerdoyen.com
***Attorneys for Defendant***

5

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Court's electronic filing system, with notice of case activity to be generated and sent electronically by the Clerk of said Court on the 24th day of January, 2018, to all counsel of record.

Anthony E. Rothert, #44827MO
Jessie Steffan, #64861MO
ACLU of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
Phone: (314) 652-3114
arothert@aclu-mo.org
jsteffan@aclu-mo.org

Gillian R. Wilcox, #61278MO
ACLU of Missouri Foundation
406 W. 34th Street, Suite 420
Kansas City, Missouri 64111
Phone: (816) 470-9938
gwilcox@aclu-mo.org

**Attorneys for Plaintiff**

                 */s/ Aaron I. Mandel*