## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE WILLSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-003 RLW |
| | ) | |
| CITY OF BEL-NOR, MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This closed case under 42 U.S.C. § 1983 is before the Court on Plaintiff Lawrence Willson's Motion for Attorneys' Fees and Expenses (ECF No. 133) and Motion for Bill of Costs (ECF No. 132). Defendant City of Bel-Nor, Missouri (the "City") opposes the Motion for Attorneys' Fees (ECF No. 144) and Plaintiff filed a Reply in Support (ECF No. 153). Plaintiff was granted leave to file supplemental authority (ECF No. 158) and the City filed an opposition memorandum (ECF No. 161). The matter is fully briefed and ready for decision. For the following reasons, the Court will grant Plaintiff's Motion for Attorneys' Fees and Expenses as requested and order costs taxed in favor of Plaintiff as requested in his Motion for Bill of Costs.

**I. Background**

Plaintiff filed this action in January 2018 after he was charged by information with violating § 400.120(E) of the City's Code of Ordinances for displaying three separate signs in the yard of his home in Bel-Nor, Missouri. The City's sign ordinance limited each improved parcel to one freestanding sign with two sign faces and one flag. The information stated it was punishable by a fine not exceeding $1,000.00, or imprisonment not exceeding 90 days, or both. The Complaint alleged that § 400.120(E) violated the Free Speech Clause of the First Amendment to the United

States Constitution on its face and as applied to Plaintiff (Count I), and the Due Process Clause of the Fourteenth Amendment (Count II).

Plaintiff sought a preliminary injunction against enforcement of § 400.120(E). The Court conducted an evidentiary hearing on March 23, 2018, and issued a Memorandum and Order denying Plaintiff's motion for preliminary injunction based on Plaintiff's lack of standing. Willson v. City of Bel-Nor, Mo., 298 F.Supp.3d 1213 (E.D. Mo. 2018). Plaintiff appealed to the Eighth Circuit Court of Appeals, which held that the preliminary injunction should be granted, and reversed and remanded for further proceedings consistent with its opinion. Willson v. City of Bel-Nor, Mo., 924 F.3d 995, 1004 (8th Cir. 2019).

Following remand, the Court issued a preliminary injunction (ECF No. 60) on June 21, 2019, enjoining the City from enforcing § 400.120(E). Plaintiff filed a motion for partial summary judgment on March 27, 2020, and the City filed a nolle prosequi of the information on April 22, 2020. On July 6, 2020, the Court granted Plaintiff's motion and issued a declaratory judgment and permanent injunction declaring § 400.120(E) unconstitutional because it violates the First Amendment's Free Speech Clause on its face and as applied to Plaintiff. (ECF No. 93.) The Court permanently enjoined the City, its political subdivisions, officers, agents, servants, employees, attorneys, and all persons acting in concert with them or in connection with them, from enforcing or threatening to enforce § 400.120(E). (Id.) The Court dismissed Plaintiff's Fourteenth Amendment due process claim in Count II without prejudice. (ECF No. 94.)

Plaintiff's claim for damages was set for non-jury trial on August 19, 2020, but the parties filed a notice of settlement and subsequently filed a stipulation for dismissal of the claim (ECF No. 127). The Court entered a Judgment and Permanent Injunction on October 30, 2020 (ECF No. 131). The only issues that remain concern attorneys' fees and costs.

## II. Plaintiff's Bill of Costs

Plaintiff filed a verified Bill of Costs (ECF No. 132) supplemented with documentation (ECF No. 137), seeking the recovery of his taxable costs as a prevailing party. Plaintiff seeks total costs of $1,177.00, as follows:

-     Fees of the Clerk      $ 905.00
-     Fees for transcripts      $ 272.00
    TOTAL      $ 1,177.00

Plaintiff's request for taxable costs expended is governed by Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920. The Court must carefully scrutinize the claimed costs and the support offered for them. Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 232-33, 235 (1964); Alexander v. Nat'l Farmers Org., 696 F.2d 1210, 1212 (8th Cir. 1982). The taxation of costs under Rule 54(d) is permissive but in the Eighth Circuit there is a strong presumption the prevailing party is entitled to an award of costs. Thompson v. Wal-Mart Stores, Inc., 472 F.3d 515, 517 (8th Cir. 2006). "As the losing party, [the City] bears the burden of overcoming the presumption that [Plaintiff] is entitled to recover all costs allowed by § 1920." Stanley v. Cottrell, Inc., 784 F.3d 454, 464 (8th Cir. 2015).

Allowable costs in most cases are limited to the categories set forth in 28 U.S.C. § 1920 and expenses not on the statutory list must be borne by the party incurring them. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987). Taxable costs under § 1920 include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court-appointed experts and interpreters under 28 U.S.C. § 1828.

Plaintiff's taxable costs in this case are within the categories established in 28 U.S.C. § 1920 and are supported by sufficient documentation. The City did not file any opposition to Plaintiff's claimed taxable costs and they will be awarded as requested in the amount of $1,177.00.

**III. Plaintiff's Motion for Attorneys' Fees and Costs**

Section 1988 authorizes awards of reasonable attorneys' fees to a "prevailing party." 42 U.S.C. § 1988. A party is a "prevailing party" when he "'succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit.'" Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (quoted case omitted); see Farrar v. Hobby, 506 U.S. 103, 111 (1992) (a prevailing party is one who obtains "at least some relief on the merits of his claim"). Here, Plaintiff proved the ordinance he challenged was unconstitutional under the First Amendment and obtained declaratory and injunctive relief against its enforcement. As the prevailing party in a § 1983 case, Plaintiff is entitled to recover reasonable attorneys' fees and expenses under 42 U.S.C. § 1988 in relation to his successful claim against the City.

A trial court's "discretion to deny attorneys' fees to a prevailing plaintiff is narrow." Jenkins ex rel. Jenkins v. State of Mo., 127 F.3d 709, 716 (8th Cir. 1997). "[A] prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Hensley, 461 U.S. at 429 (quoted source omitted). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally, this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." Id. at 435. The Eighth Circuit has stated, "If the plaintiff has won excellent results, he is entitled to a fully compensatory fee award, which will normally include time spent on related matters on which he did not win." Jenkins, 127 F.3d at 716 (citing Hensley, 461 U.S. at 435).

4

The party seeking the award must submit evidence supporting the requested hours and rates, making a "good faith effort to exclude from a fee request hours that are "excessive, redundant, or otherwise unnecessary[.]" Hensley, 461 U.S. at 434. "To calculate attorney's fees, courts typically begin by using the lodestar method, which multiplies the number of hours reasonably expended by reasonable hourly rates." Bryant v. Jeffrey Sand Co., 919 F.3d 520, 529 (8th Cir. 2019) (citing Brewington v. Keener, 902 F.3d 796, 805 (8th Cir. 2018)). Courts may consider a number of factors in determining a reasonable attorney's fee, including the time and labor required to litigate the case, the novelty and difficulty of the questions involved, the skill required to perform the services properly, customary fees, the results obtained, and awards in similar cases. See McDonald v. Armontrout, 860 F.2d 1456, 1459 & n.4 (8th Cir. 1988). "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." Bryant, 919 F.3d at 529 (quoting Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005)).

Plaintiff seeks attorneys' fees in the amount of $75,681.00 and litigation expenses of $3,728.33.[1] Plaintiff submits the following concerning his attorneys' hourly rates and the hours expended in this litigation for purposes of lodestar analysis:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Anthony E. Rothert | 82.6 | $410.00 | $33,866.00 |
| Jessie Steffan | 47.7 | $300.00 | $14,310.00 |
| Omri Praiss | 63.2 | $400.00 | $25,280.00 |
| Kayla DeLoach | 8.9 | $250.00 | $ 2,225.00 |
|  | 202.40 |  | $75,681.00 |

---

[1] Plaintiff's Motion for Attorneys' Fees and Expenses seeks litigation expenses of $4,905.33, but explains that this amount includes the $1,177.00 in taxable costs Plaintiff requests in his Bill of Costs "so that to the extent any expenses were improperly included on the bill of costs, those expenses should be included as part of the attorneys' fees. Thus, the requested litigation expenses awarded as part of the attorneys' fee award should be reduced by the amount of taxable costs assessed against defendant." (ECF No. 133 at 1.) Because the Court finds Plaintiff is entitled to taxable costs in the amount of $1,177.00, it subtracts this sum from the amount Plaintiff seeks as litigation expenses in the instant motion.

Plaintiff states that the above chart reflects a reduction of 23.4 billed hours his attorneys believe were unnecessary, redundant, or in retrospect took longer than needed. Plaintiff states he does not seek compensation for attorney time expended for pre-litigation work including the preparation of a demand letter sent to the City and for representing Plaintiff in municipal court. Plaintiff also does not seek attorney time expended drafting the motion for attorneys' fees, or for any law clerk or paralegal time on the case.

Plaintiff's motion is supported by Declarations under 28 U.S.C. § 1746 signed by each of his attorneys, describing their backgrounds and experience and providing details of their hours billed, and the August 2019 Missouri Lawyers Weekly Billing Rates edition. (ECF Nos. 134-1, 134-2, 134-3, 134-4). Plaintiff submits the Declarations of Missouri civil rights attorneys Amy E. Breihan and David E. Roland, which state that the rates requested for each of Plaintiff's attorneys are well within the range of appropriate rates for attorneys with their experience, reputation, and skill. Ms. Breihan and Mr. Roland also offer their professional opinions that the rates are reasonable, fair, and well within the range of market rates customarily charged by lawyers with similar experience in Missouri. (ECF Nos. 134-5, 134-6.)

The City opposes Plaintiff's Motion. It argues first that the facts and circumstances of the case are "straightforward and uncomplex" and therefore do not warrant the "excessive" amount of attorneys' fees sought by Plaintiff. The City states that the central dispute was whether its sign ordinance violated the First Amendment as being content-based and overbroad, and contends "these two arguments are routinely addressed in cases tackling First Amendment free speech concerns in relation to municipalities." (ECF No. 144 at 3.) The City asserts that Plaintiff's attorneys have made these arguments in the context of similar prior cases and should not be rewarded for "attempting to 'reinvent the wheel.'" (Id.)

6

The City next argues the hourly rates requested by Plaintiff's attorneys exceed what is reasonable for the St. Louis County area for this type of legal work and suggests a more reasonable rate would be $250.00 per hour for partners and $200.00 for associate attorneys. The City supports this argument with the affidavit of St. Louis attorney W. Dudley McCarter, who has represented numerous local municipalities as a city attorney and special counsel for many years.

Finally, the City argues the Court should reduce the amount of fees and costs on the basis of its inability to pay, as it would be "unjust" to award the requested amount of fees and costs against the City as it struggles financially. (Id. at 8-11.) The City supports this argument with affidavits of its mayor, treasurer, and independent auditor. The Court addresses the City's arguments in turn.

A. Plaintiff's Attorneys' Hours Expended are Reasonable

The Court agrees with City that the facts of this case were not complex: Plaintiff had more signs in his yard than were allowed under the City's sign ordinance. The Court rejects the assertion that the issues presented by the case were "straightforward and uncomplex," however. The issues presented in this First Amendment litigation concerning residential signs were both complex and important. Plaintiff's Reply (ECF No. 153 at 7-8) describes the briefing that occurred in this Court on the preliminary injunction. This was followed by the interlocutory appeal on which the Eighth Circuit scheduled a thirty-minute oral argument, indicating that Court did not believe the matter presented simple issues. The Eighth Circuit's opinion established new circuit precedent on several issues, including how recent Supreme Court decisions regarding what constitutes a content-based restriction apply to municipal sign ordinances, whether aesthetics and traffic safety are sufficiently compelling interests to permit a municipality to enacted a content-based sign restriction, how to apply the overbreadth doctrine to municipal ordinances, and the contours of "ample alternatives" when interpretating Supreme Court decisions for application to municipalities. Willson, 924 F.3d 995.

7

On interlocutory appeal, the Eighth Circuit held that for purposes of preliminary injunctive relief the City's sign ordinance was content based, was not narrowly tailored, did not further a compelling municipal interest, and failed to satisfy strict scrutiny.  924 F.3d at 1000-02.  The Eighth Circuit also held the City's sign ordinance was overbroad and facially invalid.  Id. at 1002-03.  Subsequently, although no facts changed that might cause a different result than the Eighth Circuit predicted, the City vigorously opposed Plaintiff's summary judgment motion and argued both that disputed material facts precluded resolution of the case without trial and that the ordinance was constitutional, repeating its previous unsuccessful arguments.  (ECF No. 82.)  Even after the Eighth Circuit's opinion, the City continued to argue that its sign ordinance was content-neutral (id. at 10-13) and narrowly tailored (id. at 13-16), left open ample alternative channels of communication, (id.), and was not overbroad (id. at 8-10).

After this Court rejected the City's arguments, granted partial summary judgment to Plaintiff, and entered a permanent injunction and declaratory judgment, the case continued toward a trial on Plaintiff's damages.  The City argued the Court should "deny Plaintiff's request for nominal damages and for attorneys' fees."  (ECF No. 103 at 5.)  The case proceeded through a pretrial conference with contested motions in limine and was settled the night before the bench trial was scheduled.  Thus, the City's actions and choices in defending this suit caused the expenditure of many hours by Plaintiff's attorneys.

The City's elected officials chose to adopt the restrictive sign ordinance, enforce it while aware of its questionable validity, and vigorously litigate almost every possible issue in this case even after the interlocutory appeal indicated there was little chance of the ordinance being upheld.  The City's officials presumably believed or hoped the sign ordinance would be upheld against federal constitutional attack.  "The point of § 1988 is that such officials proceed at their peril."  Carhart v. Stenberg, 192 F.3d 1142, 1152 (8th Cir. 1999).  "If in fact they are wrong, and the law

they are enforcing turns out to be invalid, § 1988 puts the financial burden on the [municipality.]" Id. The City "could have avoided liability for the bulk of the attorney's fees for which [it] now find[s itself] liable by making a reasonable settlement offer in a timely manner." City of Riverside v. Rivera, 477 U.S. 561, 580 n.11 (1986). "The government cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." Id. (quoted case omitted). See also Henson v. Columbus Bank & Trust Co., 770 F.2d 1566, 1575 (11th Cir. 1985) (while § 1983 defendants are entitled to vigorously contest a plaintiff's claims, once they do so they cannot "then complain that the fees award should be less than claimed because the case could have been tried with less resources and with fewer hours expended.").

The City's unsupported argument that Plaintiff's attorneys have been involved in prior municipal sign ordinance cases and therefore should not be able to recover the time they expended in this case is unpersuasive and is not borne out by the facts of this case. It is fundamental that each case has different facts and, as stated above, there were novel issues presented in the case. The City fails to cite a single time entry that it claims is excessive, redundant, or unnecessary. See Neighborhood Enters., Inc. v. City of St. Louis, No. 4:07-CV-1546 HEA, 2017 WL 6407874, at *2 (E.D. Mo. Dec. 15, 2017) (rejecting city's claim that time was excessive where it provided "no persuasive evidence or argument in support of their assessment of the time spent of particular issues."). The Court has reviewed the detailed billing statements of Plaintiff's attorneys and does not find any excessive, redundant, or unnecessary time expenditures. It further recognizes the very high quality of Plaintiff's attorneys' work product.

In addition, the City's attorneys billed approximately 285.60 hours for work on this case while Plaintiff's attorneys seek 202.40 hours.[2] The City does not make a persuasive argument that

---

[2] After the City challenged Plaintiff's attorneys' hourly rates and hours billed, the Court ordered the City to file a memorandum showing the hourly rates charged by its attorneys and submit their billing statements. (ECF No. 149.)

Plaintiff's attorneys' hours were excessive when its own attorneys billed 83 more hours on the case, approximately forty percent more than Plaintiff's counsel. The difference is particularly significant as Plaintiff had the burden of proof and in addition had a municipal charge pending against him during most of the case for violation of the sign ordinance, which provided a strong incentive for him to pursue the case. Moreover, as the proponent of the motions for preliminary injunction and summary judgment and as the appellant in the interlocutory appeal Plaintiff's counsel prepared an opening and a reply brief at each stage, while the City prepared only one. See Childress v. Fox Assocs., LLC, No. 4:16-CV-931 CDP, 2018 WL 3208558, at *2 (E.D. Mo. June 29, 2018) ("'[T]he number of hours required by opposing counsel to defend a claim has little relevance to the reasonableness of the number of hours which plaintiffs' counsel devoted to pursuing a cause of action on behalf of a plaintiff in a given case.'") (quoted case omitted). The difference in attorney hours expended also belies the City's assertion that Plaintiff's counsel sought to "reinvent the wheel."

For these reasons, the Court rejects the City's argument that Plaintiff's attorneys' fees were excessive.

B. Plaintiff's Attorneys' Hourly Rates are Reasonable

The City does not dispute the experience and backgrounds of Plaintiff's attorneys but asserts that their hourly rates exceed what is reasonable and customary for the St. Louis County area for First Amendment legal work. The Court does not agree, based on its experience with this case, with civil rights cases in general, and its knowledge of prevailing attorney hourly rates in this area and as awarded by this Court. See Banks v. Slay, 875 F.3d 876, 882 (8th Cir. 2017) (district court "is 'intimately familiar' with its local bar.") (quoted case omitted).

In recent years, this Court has frequently found rates as high or higher than those sought here to be reasonable for the St. Louis market. Last month, the Court approved hourly rates of $575

10

and $475 per hour for experienced civil rights attorneys in a First Amendment case. Fernandez v. St. Louis County, 4:19-CV-1638 SNLJ, 2021 WL 1889914, at *11-12 (E.D. Mo. May 11, 2021). Last year, the Court awarded an hourly rate of $400 to one attorney admitted to the Missouri bar in 2008 who practiced civil rights law since 2014, and to another attorney who was admitted in 2010 and practiced civil rights and employment law. Robinson v. City of St. Louis, Mo., No. 4:17-CV-156 PLC, 2020 WL 4673823, at *3 (E.D. Mo. Aug. 12, 2020). A 2012 bar admittee in the same case was awarded fees of $350 per hour. Id. In 2018, experienced civil rights attorneys received an hourly rate of $450 while a newer attorney's hourly rate was $250. Sharpe Holdings, Inc. v. United States Dep't of Health & Human Servs., No. 2:12-CV-92 DDN, 2018 WL 3772223, at *6 (E.D. Mo. Aug. 9, 2018). In 2016, the Court found hourly rates of $450, $375, and $350 reasonable for the St. Louis civil rights market. S.M. v. Lincoln Cnty., No. 4:12-CV-02276 PLC, 2016 WL 6441587, at *7 (E.D. Mo. Nov. 1, 2016). In 2015, the Court found the St. Louis market rate for civil rights attorneys warranted $400 for a partner and $350 for an associate. Abdullah v. County of St. Louis, Mo., No. 4:14-CV-1436 CDP, 2015 WL 5638064, at *5 (E.D. Mo. Sept. 24, 2015). These cases establish that the hourly rates sought by Plaintiff's experienced civil rights attorneys are reasonable for the market.

In addition, "the special skill and experience of counsel should be reflected in the reasonableness of the hourly rates." Hendrickson v. Branstad, 934 F.2d 158, 164 (8th Cir. 1991) (quoted case omitted). The fact that Plaintiff's attorneys have significant experience litigating First Amendment cases likely explains, at least in part, why its attorneys seek compensation for forty percent fewer hours than the City's attorneys billed. Mr. Rothert, for example, has successfully prosecuted many First Amendment challenges to state and local laws. See Plaintiff's Reply at 15 (ECF No. 153). Plaintiff's other attorneys are also highly qualified, and their hourly rates appropriately reflect their years of experience.

The City also asserts the attorneys' fees sought are disproportionate to the $1,000 in damages Plaintiff accepted to settle the case. This argument is not convincing. It fails to recognize that this case was not primarily about damages—the Complaint sought only nominal damages—but rather about the important First Amendment rights Plaintiff sought to vindicate for himself and all others who live in the City. Plaintiff obtained all of the relief he sought in this action: injunctive and declaratory relief against the enforcement of the City's sign ordinance, as well as damages. This Court has observed that achieving victory is "no small feat for a civil-rights plaintiff." Ladd v. Pickering, 783 F.Supp.2d 1079, 1096 (E.D. Mo. 2011). And, the Eighth Circuit has "explicitly rejected a 'rule of proportionality' in civil rights cases because tying the attorney's fees to the amount awarded would discourage litigants with small amounts of damages from pursuing a civil rights claim in court." Smith v. AS America, Inc., 829 F.3d 616, 625 n.8 (8th Cir. 2016) (quoted cases omitted). See also Blum v. Stenson, 465 U.S. 886, 893 (1984) ("It is intended that the amount of fees awarded under [§ 1988] be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases[,] and not be reduced because the rights involved may be nonpecuniary in nature.") (quoting S. Rept. No. 94–1011, p. 6 (1976), U.S. Code Cong. & Admin. News 1976, pp. 5908, 5913).

The Court finds Plaintiff's attorneys' hourly rates are reasonable.

C.  The City's Claimed Inability to Pay

Finally, the City cites out-of-Circuit precedent for the proposition that "a court <u>must</u> consider a party's ability to pay" in determining the reasonableness of the attorneys' fee award, and that "<u>all</u> the courts of appeal which have addressed the issue have concluded that a non-prevailing [party's] ability to pay" may be considered in determining the amount of attorney's fees. (ECF No. 144 at 8) (brackets in original; emphases added).

The City misquotes and misrepresents the two cases it cites in support. In Roth v. Green, 466 F.3d 1179 (10th Cir. 2006), the Tenth Circuit stated, "Although we have not addressed the issue, all the courts of appeals which have addressed the issue have concluded that a <u>non-prevailing plaintiff's</u> ability to pay is not a proper factor to consider in determining *whether* to award attorneys' fees <u>against the plaintiff</u>, but may be considered when determining *the amount* of the attorneys' fees to be awarded against that party." Id. at 1194 (cleaned up) (underline emphasis added; quoted case omitted). Roth, and the cases it references, stands for the proposition that the inability to pay may be a consideration in determining a § 1988 attorney's fee award against a non-prevailing § 1983 <u>plaintiff</u>, not against a losing defendant.

The City summarizes Bagi v. City of Parma, Ohio, 795 F. App'x 338, 344 (6th Cir. 2019) (unpublished per curiam), as holding that "remand was proper because the district court failed to properly consider the <u>defendants</u>' ability to pay the six-figure attorneys' fee award." (ECF No. 153 at 22.)  The City's representation to the Court is incorrect because the Bagi case ordered remand for consideration of the non-prevailing <u>plaintiffs</u>' ability to pay. See id. at 344.

The City's substitution of "plaintiff" with "party" in its quotation from Roth, and with "defendant" in its summary of Bagi, is misleading and changes the meaning of the cited precedent because these parties are not equivalent in the context of § 1988 fee awards. The standards applied under § 1988 differ markedly for prevailing plaintiffs and prevailing defendants because the "purpose of section 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances." Hensley, 461 U.S. at 429 (quoting H.R. Rep. No. 94–1558). While the Supreme Court has instructed that "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust," id., a prevailing defendant may recover attorney's fees under § 1988 "only in very narrow circumstances." E.E.O.C. v. CRST Van Expedited, Inc., 679 F.3d 657, 694 (8th Cir. 2012) (quoted case omitted). "[A] plaintiff should not

13

be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Hughes v. Rowe, 449 U.S. 5, 15 (1980) (per curiam) (cleaned up) (quoting Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 422 (1978)). See, e.g., Williams v. City of Carl Junction, Mo., 523 F.3d 841, 843-44 (8th Cir. 2008) (reversing award of fees to prevailing defendant as abuse of discretion where the plaintiff was unsuccessful, but his case presented "colorable arguments that were not frivolous or unreasonable"). The City's arguments and citations thus present an incorrect and misleading legal standard.[3]

The Court is not aware of any court of appeals that has adopted the City's position that a losing defendant's ability to pay is relevant to the amount of fees awarded against it under § 1988, and there is no reason to believe the Eighth Circuit would apply the principle discussed in Roth to losing defendants under § 1988.[4]

It is not unusual for taxpayers or publicly funded entities to be responsible for an award of attorneys' fees under § 1988. See Aware Woman Clinic, Inc. v. City of Cocoa Beach, 629 F.2d 1146, 1149-50 (5th Cir. 1980) (holding that impact of fees award on taxpayers is not a "special circumstance" for purposes of § 1988) (citing Hutto v. Finney, 437 U.S. 678, 693-700 (1978)). The Fourth Circuit has held, "[T]o the extent that the district court may have considered the fact that taxpayers would be required ultimately to pay the fees, it employed an improper ground for denying or reducing an attorney's fee to the prevailing party under 42 U.S.C. § 1988." Rum Creek Coal

---

[3]The Court does not determine whether the City's counsel intended to mislead the Court or was merely careless in her citation to legal authority. Either way, the Court expects the City's counsel to exercise more care in the future to avoid misleading citations in filings made in this Court. See Rule 4-3.3(a)(3), Missouri Supreme Court Rules of Professional Conduct; Rule 11(b)(2), Fed. R. Civ. P.; E.D. Mo. L.R. 12.02 (adopting the Supreme Court of Missouri's Rules of Professional Responsibility as this Court's Rules of Professional Conduct).

[4]Plaintiff's Reply brief cites a number of cases that reject the argument a publicly funded governmental entity's ability to pay is a basis for reducing a § 1988 fee award. See ECF No. 153 at 23-24.

Sales, Inc. v. Caperton, 31 F.3d 169, 180 (4th Cir. 1994); see also Lavin v. Husted, 764 F.3d 646, 651 (6th Cir. 2014) ("consideration of the taxpayers is 'an improper ground for denying or reducing an attorney's fee.'") (quoted case omitted).

District courts in the Eighth Circuit have held similarly.  The U.S. District Court for the Western District of Missouri recently refused a defendant school district's request to apply a "volume discount" to attorney hours based on its limited public budget.  The school district argued that "the fees are paid in effect by state and local taxpayers, and because state and local governments have limited budgets, money that is used to pay attorney's fees is money that cannot be used for programs that provide vital public services."  Judge Laughrey rejected this argument and stated:

> As the Court has previously observed, "[t]axpayers of some sort typically bear the cost of litigation in civil rights cases when the plaintiff succeeds.  If a special discount were warranted for that reason alone, then the legislature would have built a discount into Section 1983.  However, the legislature did not do so." M.B. [v. Tidball], 2020 WL 1666159, at *18 [(W.D. Mo. Apr. 3, 2020)].  The fact that state and local governments will bear the attorneys' fees in this case does not warrant a volume discount.

S.C. ex rel. M.C. v. Riverview Gardens Sch. Dist., 2020 WL 5262267, at *16 (W.D. Mo. Sept. 3, 2020).  See also North Dakota v. Heydinger, 2016 WL 5661926, at *14 (D. Minn. Sept. 29, 2016) ("the fact that a fee award may come from the funds of a state does not bar the award of § 1988 fees against a state," citing Hutto, 437 U.S. at 691-92; and Kirchberg v. Feenstra, 708 F.2d 991, 998 n.7 (5th Cir. 1983) ("The fact that the award of attorney's fees will eventually be borne by the taxpayer is not a 'special circumstance' sufficient to justify the denial of fees.")).

Based on the foregoing precedent, the Court declines to reduce Plaintiff's attorneys' fee award because of the City's claimed financial condition.  For purposes of § 1988, Plaintiff's counsel should not be penalized for costs resulting from the City's choices of legislative, prosecutorial, and litigation tactics.  See Ackerley Commc'ns, Inc. v. City of Salem, Or., 752 F.2d 1394, 1398 (9th

Cir. 1985) ("Section 1988 was enacted for the very purpose of influencing governmental entities to make thoughtful efforts to avoid civil rights violations.")  "If indeed the defendants have modest means, they have an obligation to conserve the time of both their own, and opposing, counsel." Knighton v. Watkins, 616 F.2d 795, 799-800 (5th Cir. 1980).  Here, the City chose to implement and enforce its sign ordinance and then vigorously litigate this case, and now must deal with the financial consequences of its decisionmakers' choices.[5]

The Court will award Plaintiff's attorneys' fees as requested, based on the lodestar method of reasonable hours expended multiplied by a reasonable hourly rate.

### D.  Plaintiff's Requested Expenses are Reasonable

Plaintiff also seeks expenses of $3,728.33 for service fees ($95), mediation fees ($2,945.29), printing costs ($595.66), shipping costs ($88.33), and certified mail costs ($4.05).  The City did not raise any specific objections to Plaintiff's request for expenses.  All reasonable out-of-pocket costs and expenses are recoverable as part of a Section 1988 fee award because they are part of the costs a law firm would normally charge to a fee-paying client.  See Jenkins v. Kansas City Mo. Sch. Dist., 525 F.3d 682, 682 n.1 (8th Cir. 2008) ("travel expenses and other out-of-pocket expenses that a law firm normally would bill to its client are . . . properly characterized as part of an attorney fee award" under Section 1988); Pinkham v. Camex, Inc., 84 F.3d 292, 294-95 (8th Cir.1996) (per curiam) (inclusion in cost award of costs that did not fit within statutory category of 28 U.S.C. § 1920(4) was harmless error: "such costs were reasonable out-of-pocket expenses of the kind normally charged to clients by attorneys, and thus should have been included as part of the reasonable attorney's fees awarded.").

---

[5]Plaintiff states he does not object to the Court extending the time over which payments of the fee award may be spread, and to waiving the statutory right to interest if payments are spread over time.  (ECF No. 153 at 26.)  The Court declines to implement these suggestions in its fee award.  Plaintiff's collection of the judgment is a matter the parties may work out for themselves.

The Court has reviewed Plaintiff's claimed expenses and sees no basis to disallow reimbursement of any of them. The expenses are reasonable and of the kind normally charged to fee-paying clients. The Court will award Plaintiff out-of-pocket expenses as in the amount of $3,728.33 as requested.

**IV. Conclusion**

For the reasons discussed above, the Court will grant Plaintiff's Motion for Attorneys' Fees and Expenses in full. The Court also orders Plaintiff's Bill of Costs taxed as requested.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorneys' Fees and Expenses (ECF No. 133) is **GRANTED**. Plaintiff's counsel is awarded a total of Seventy-Five Thousand Six Hundred Eighty-One Dollars ($75,681.00) in fees and Three Thousand Seven Hundred Twenty-Eight Dollars and Thirty-Three Cents ($3,728.33) in litigation expenses.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Bill of Costs (ECF No. 132) is **GRANTED** as requested.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall tax costs in favor of Plaintiff Lawrence Willson and against Defendant City of Bel-Nor, Missouri, in the amount of One Thousand One Hundred Seventy-Seven Dollars ($1,177.00).

An Amended Judgment will issue separately.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 3rd day of June, 2021.